**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRANCISCO ARMANDO SHERMAN, | ) | Case No. 05-47025 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FRANCISCO ARMANDO SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-04166 |
| | ) | |
| MOHELA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On February 7, 2002, an auto accident dramatically changed the life of Francisco Armando Sherman, the Debtor in this Chapter 7 case and the Plaintiff in this Adversary Proceeding. Prior to the accident, the Debtor was a promising medical student, having completed two years of medical school with high grades; afterward, the Debtor's brain injuries left him unable to complete medical school and severely limited his ability to perform complex tasks. As a consequence of this dramatic change in fortunes, the Debtor has been unable to obtain a job that provides an income sufficient to repay the large amount of student loans he obtained to finance his education. When the Debtor filed this adversary proceeding to obtain a discharge of his student loans, he owed over $300,000 to the various Defendants. Over the course of the litigation, two of the lender-defendants stipulated to the discharge of his loan, presumably in appreciation of the Debtor's circumstances. But two lenders – The Education Resources Institute ("TERI") and the Student Loan Guarantee Foundation of Arkansas ("SLGFA") – holding just under $200,000 in loans preferred to litigate the issue of whether repayment of these loans would impose an undue hardship on the debtor.

At the hearing, the primary thrust of both Defendants' arguments was that the Debtor could repay all or at least a portion of these loans, on a reduced payment plan, if only he would obtain more lucrative employment and reduce his expenses. The Debtor currently works as an assistant in a medical office, performing clerical and menial tasks, making approximately $1,154 a month,

and his monthly expenses exceed that income by about $800.[1] The problem with the Defendants' position, however, is that the Defendants failed to support it with anything more than supposition and argument. They intimated, or "hinted," that certain expenses were unreasonable and that Debtor could increase his income, but neither Defendant followed up with any concrete evidence casting doubt on the reasonableness of his budget or refuting the Debtor's credible testimony that his injuries prevented him from performing tasks deserving of a higher salary. For example, SLGFA asked the Debtor whether he could take public transportation to work, intimating that this would reduce his transportation expenses, but SLGFA did not follow this question up with evidence indicating that public transportation was a viable option for the Debtor, despite the ease of checking the Kansas City Area Transportation Authority's website to find out whether there is a bus route between the Debtor's home and his place of employment and the costs of public transportation versus the costs of continuing to drive a 5-year-old automobile worth less than $5,000. TERI's questioning was similarly ineffectual.[2]

Under 11 U.S.C. § 523(a)(8), certain student loans are nondischargeable unless repayment of those loans would impose an undue hardship on the debtor or his dependents. In the Eighth Circuit, undue hardship is determined by the application of a "totality of the circumstances" test.[3] The burden to prove undue hardship is on the Debtor. Under this test, courts are to consider: (1) the debtor's past, current and reasonably reliable future financial resources; (2) the reasonably necessary living expenses of the debtor and the debtor's dependents; and (3) and other relevant facts

---

[1] The record contains several different figures for the Debtor's income and expenses, but all of those figures yield a monthly shortfall.

[2] This Court continues to be perplexed by the repeated failure of creditors' counsel to offer affirmative evidence in these student loan dischargeability cases. Clearly, the burden of proving "undue hardship" is on the Debtor, but when the Debtor is able to present a prima facie case to meet that standard, it would seem only logical that the creditors would attempt to refute that evidence with affirmative evidence that the Debtor is able to perform more remunerative work or that there are better-paying jobs available to the Debtor in his city of residence. Never in my experience has a creditor offered the testimony of a vocational rehabilitation specialist to demonstrate that a Debtor could engage in more remunerative employment. In this case, TERI's counsel suggested – partly in jest, I am sure – that his law office was currently advertising for a file clerk at a much higher rate of pay, as if that might be "proof" that other employment opportunities were available to the Debtor. But TERI's counsel never actually said that the job at his law office paid more than the $11.50 an hour the Debtor is currently earning, nor did he offer any evidence to that effect.

[3] *In re Reynolds*, 425 F.3d 526, 532 (8th Cir. 2005); *Long v. Educ. Credit Mgmt. Corp.* (*In re Long*), 322 F.3d 549, 554 (8th Cir. 2003); *Andrews*, 661 F.2d at 704.

and circumstances unique to the particular case.[4]

In this case, the Court finds that the Debtor has established, by a preponderance of the evidence,[5] that repayment of the loans to SLGFA and TERI will impose an undue hardship on him. In terms of the totality of circumstances test: the Debtor's injuries have severely limited his current and future ability to earn a significant income; his living expenses are reasonable, if not meager; and the circumstances of this case, on the whole, favor discharge of the Debtor's student loans.

Therefore, for the reasons stated above it is

**ORDERED** that the Debtor's student loan(s) owed to TERI, in the approximate amount of $11,000, is (are) hereby DISCHARGED under 11 U.S.C. § 523(a)(8). It is

**FURTHER ORDERED** that the Debtor's student loan(s) owed to SLGFA, in the approximate amount of $187,000, is (are) hereby DISCHARGED under 11 U.S.C. § 523(a)(8). It is

**FURTHER ORDERED** that to the extent the Debtor has outstanding student loans to any of the other named Defendants (MOHELA, Student Loan Marketing Association, American Education Systems Key Corps Trust, Missouri Department of Higher Education, Nelnet, Wells Fargo Bank, and Educational Credit Management Corp.), those loans are also DISCHARGED under 11 U.S.C. § 523(a)(8) except to the extent that a loan has been assigned or otherwise transferred to the U.S. Department of Education or Sallie Mae, which Defendants have stipulated to the discharge of the Debtor's liability under separate terms.

**SO ORDERED** this 15th day of August, 2007.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Erlene Krigel
Mark J. Schultz
Connie M. Meskimen

---

[4] *Long*, 322 F.3d at 554; *Ford v. Student Loan Guarantee Foundation of Arkansas*, 269 B.R. 673, 676 (B.A.P. 8th Cir. 2001).

[5] *In re Reynolds*, 425 F.3d at 529; *Andrews v. South Dakota Student Loan Assistance Corp.* (*In re Andrews*), 661 F.2d 702, 704 (8th Cir. 1981).